```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JACKLYN JOYE,                       :

                 Plaintiff,         :   14 Civ. 3809 (AT)(HBP)

     -against-                      :   OPINION
                                        AND ORDER
PSCH, INC.,                         :

                 Defendant.         :

-----------------------------------X
```

        PITMAN, United States Magistrate Judge:

I. Introduction

        I write to resolve two duplicative motions plaintiff filed on March 1, 2016 and April 7, 2016. Plaintiff's motions seek (1) reconsideration of my Order dated February 18, 2016 (Docket Item ("D.I.") 40), which denied plaintiff's application to extend the discovery deadline, and (2) an Order compelling defendant to (a) produce three witnesses for depositions, (b) "respond to all post-deposition demands within thirty days after receiving demands in writing from the plaintiff" and (c) produce documents as demanded in a document request that plaintiff served on defendant five days prior to the February 15, 2016 discovery deadline (Urgent Request for Pre-Motion Conference, dated Mar. 1, 2016 (D.I. 42) ("Pl. First Motion"); Notice of Motion to Compel,

dated Apr. 4, 2016 (D.I. 51) ("Pl. Second Motion")).  For the reasons set forth below, both of plaintiff's motions are denied.

II.  Background

Plaintiff has asserted claims of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and emotional distress.[1]  As alleged in the amended complaint, plaintiff was employed by defendant as a "direct care counselor" at a residential assisted living facility for individuals with developmental disabilities from December 2011 to April 2013 (First Amended Complaint, dated July 27, 2014 (D.I. 6) ("Am. Compl."), ¶ 3).  During the early morning of March 6, 2013, one of the residents under plaintiff's care suffered a seizure (Am. Compl., Ex. 2, at 2).  Pursuant to defendant's policies, plaintiff telephoned both the nurse on duty and the 24-hour duty nurse regarding the seizure but neither responded (Am. Compl., Ex. 2, at 2).  Plaintiff did not contact management, however, as was purportedly required by defendant's written "Emergency Procedure" policy (Am. Compl., ¶ 8 & Ex. 2, at 2).  When plaintiff's manager arrived later that day and learned that plaintiff had not con-

---

[1] The amended complaint does not specify whether plaintiff's emotional distress claim is for intentional infliction of emotional distress or negligent infliction of emotional distress.

tacted management, he suspended plaintiff with pay (Am. Compl., Ex. 2, at 2). An investigation ensued in which it was found that plaintiff failed to follow defendant's procedures, placing the resident at risk, and plaintiff was terminated (Am. Compl., ¶¶ 8-11 & Exs. 1-2).

Plaintiff, an African-American woman, alleges that she was terminated because of her national origin (Am. Compl., ¶¶ 5, 7, 14-18). In support of this allegation, plaintiff relies on the fact that the nurse on duty, who is of Carribean national origin, was not terminated while plaintiff was (Am. Compl., ¶¶ 10-11, 15). Plaintiff further alleges that African-American employees are generally treated more harshly than employees of Caribbean origin (Am. Compl., ¶¶ 14-18).

Plaintiff commenced this lawsuit on May 29, 2014. On September 15, 2014, the Honorable Analisa Torres, United States District Judge, issued a scheduling order that set a deadline of January 13, 2015 for the completion of fact discovery (Civil Case Management Plan and Scheduling Order, dated Sept. 15, 2014 (D.I. 11), ¶ 5). The discovery deadline was subsequently extended six times (D.I. 15; D.I. 18; D.I. 22; D.I. 27; D.I. 34; D.I. 36). The last extension provided a fact discovery deadline of February 15, 2016 (Memo Endorsement, dated December 15, 2015 (D.I. 36)).

On February 11, 2016, plaintiff made an application to extend the discovery deadline a seventh time, which defendant opposed (Letter from Eleanor Vale to Judge Torres, dated Feb. 11, 2016 (D.I. 37); Letter from Lori D. Bauer to Judge Torres, dated Feb. 12, 2016 (D.I. 39)). The principal reason offered for the requested extension was plaintiff's counsel's contention that defendant's 30(b)(6) witness, Nadia Hrvatin, who had been deposed on February 9, 2016, "was woefully unprepared to deal with the great majority of the areas detailed in plaintiff's notice" (Letter from Eleanor Vale to Judge Torres, dated Feb. 11, 2016 (D.I. 37)). On February 18, 2016, I denied plaintiff's application (Memo Endorsement, dated Feb. 18, 2016 (D.I. 40) ("February 18 Order")).

In my February 18 Order, I reviewed the transcript of Hrvatin's deposition and concluded that "the only thing that is woeful is plaintiff's counsel's disregard of the record" (February 18 Order).

> Plaintiff terminated the 30(b)(6) deposition after a mere two hours; the transcript spans a total of 70 pages. Notwithstanding plaintiff's claim of a "woeful[]" lack of preparation on the part of the witness, the record discloses only ten questions that the witness could not answer, and those questions have nothing to do with the principal issue in this case -- the alleged discrimination against plaintiff. The questions the witness could not answer dealt with why certain colors were used on an organizational chart (Tr. 15), how many buildings defendant services (Tr.

> 20), whether defendant's employee manual is available on line to the public (Tr. 31), whether defendant's emergency procedures are posted in facilities other than the one in which plaintiff worked (Tr. 40), whether members of a particular class of employees are given a particular set of emergency procedures (Tr. 45), how the assistant manager of a facility spells her name (Tr. 50), whether a training facility had blackboards and desks and who is in charge of the training facility (Tr. 55) and whether a state agency prescribes a nurse-to-patient ratio (Tr. 56 & 57). Given the facile and general nature of the questioning and the lack of any specific inquiry concerning plaintiff and the allegedly discriminatory conduct, I am left with the firm conclusion that it was counsel who did not prepare for the deposition and that counsel's claim that the witness was not prepared is baseless. Tellingly, plaintiff's application does not identify a single instance in which the witness was unable to answer a relevant question.
>
> The schedule in this matter has already been extended six times (see Docket Items 15, 18, 22, 27, 34 and 36); the discovery deadline has been extended for more than a year.
>
> Given the lack of any delay attributable to defendant and the large number of extensions already granted, there simply is no basis to extend the schedule for a seventh time. Accordingly, plaintiff's application to extend the schedule is denied. Discovery is now closed.

(February 18 Order).

On March 1, 2016, plaintiff filed the first of the two motions in issue. In her March 1 motion, plaintiff sought "[r]econsideration of the Court's denial of plaintiff's need to depose a second and possibly a third witness as identified by the deposed witness" and an Order compelling defendant to produce two

5

documents identified by Hrvatin during her deposition -- a "PSCH Employment Policy Manual" and a "Policy and Procedure Manual" (Pl. First Motion, at 1). In support of the application to compel production of these manuals, plaintiff annexed a "Post Deposition Notice to Produce," dated February 10, 2016 (the "Post-Deposition Demands"), in which plaintiff demanded disclosure of (1) the "[m]anual described by witness deposed on February 9, 2016 as a manual of Policy and Procedures" and (2) various documents related to diversity hiring and defendant's compliance with EEOC requirements (Plaintiff's Post Deposition Notice to Produce, dated Feb. 10, 2016 (D.I. 45-2)).

Judge Torres referred the motion to me on April 1, 2016 (Order Referring Case to Magistrate Judge, dated Apr. 1, 2016 (D.I. 48)). Plaintiff thereafter filed a motion to compel on April 7, 2016 that essentially duplicates her March 1 motion (Pl. Second Motion). In her April motion to compel, plaintiff requests an Order that extends the discovery deadline and compels defendant to (1) produce for depositions Leonard White, defendant's Director of Nursing, Sue Boyle, defendant's Human Resources director, and Claudette Golding, an assistant director who reported to Hrvatin; (2) respond to all post-deposition document requests within 30 days of defendant's receipt of the

demands and (3) produce the documents demanded in plaintiff's Post-Deposition Demands (Pl. Second Motion).

III. Analysis

    A. Legal Standards

Motions for reconsideration are appropriate only under limited circumstances. As explained by the late Honorable Peter K. Leisure, United States District Judge, in Davidson v. Scully, 172 F. Supp. 2d 458, 461-62 (S.D.N.Y. 2001):

> A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan 18, 2000) (Mukasey, J.). Thus, a motion for reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.'" Morales v. Quintiles Transnational Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (citations omitted).

See also Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2007) (Conner, D.J.). "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has

become available, or that there is a need to correct a clear error or prevent manifest injustice." Quinn v. Altria Grp., Inc., 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008) (Swain, D.J.), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

A moving party is entitled to reargument under Local Rule 6.3 where she "can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted), abrogated on other grounds, In re Zarnel, 619 F.3d 156, 167 (2d Cir. 2010); accord Allied Mar., Inc. v. Rice Corp., 361 F. Supp. 2d 148, 149 & n.1 (S.D.N.Y. 2004) (Scheindlin, D.J.).

Thus, a motion for reconsideration generally may not advance "new facts, issues or arguments not previously presented to the Court." Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) (Marrero, D.J.), quoting Davidson v. Scully, supra, 172 F. Supp. 2d at 461. "These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters." In re City of New York, as Owner & Operator of M/V Andrew J. Barberi,

8

CV-03-6049 (ERK)(VVP), 2008 WL 1734236 at *1 (E.D.N.Y. Apr. 10, 2008), citing Zoll v. Jordache Enters. Inc., 01 Civ. 1339 (CSH), 2003 WL 1964054 at *2 (S.D.N.Y. Apr. 24, 2003) (Haight, D.J.); accord Cohn v. Metro. Life Ins., Co., 07 Civ. 0928 (HB), 2007 WL 2710393 at *1 (S.D.N.Y. Sept. 7, 2007) (Baer, D.J.).

      B.   Application of the
           Foregoing Principles

As an initial matter, because each form of relief sought in plaintiff's two motions -- including plaintiff's request for an Order compelling defendant to respond to any new document requests within 30 days and to comply with her Post-Deposition Demands -- would require extending the February 15, 2016 discovery deadline,[2] I conclude that plaintiff's two motions

---

[2]Although plaintiff served her Post-Deposition Demands prior to the discovery deadline, a "discovery deadline date is the date on which discovery should be complete; it is not the last date on which a party can serve discovery requests." Jones v. Hirschfeld, 01 Civ. 7585 (PKL), 2003 WL 21415323 at *4 n.13 (S.D.N.Y. June 19, 2003) (Leisure, D.J.); accord Harris v. Computer Associates Int'l, Inc., 204 F.R.D. 44, 45 (E.D.N.Y. 2001) ("It is not an abuse of discretion to deny a request to reopen discovery when the requesting party previously asked for discovery extensions, and then waited until the last day of discovery to serve its requests."); Gavenda v. Orleans Cty., 182 F.R.D. 17, 20 (W.D.N.Y. 1997) ("Generally, discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date."); Babcock v. CAE-Link Corp., 878 F. Supp. 377, 387 (N.D.N.Y. 1995) ("Plaintiff failed to ask for an extension of the [discovery] deadline,
                                                 (continued...)

must be denied in their entirety unless reconsideration of my February 18 Order denying plaintiff's application to extend discovery is appropriate.

Considering the arguments raised in plaintiff's March 1 and April 7 submissions,[3] and assuming, without deciding, that plaintiff's motion is procedurally appropriate,[4] I deny plaintiff's motion for reconsideration because plaintiff does not cite any controlling factual or legal materials that were raised in

---

[2](...continued)
however, and instead chose to wait until the last day of discovery to serve his requests.  Under the circumstances, the motion to compel discovery is denied."); Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 90 Civ. 7811 (AGS), 1994 WL 698230 at *1 (S.D.N.Y. Dec. 13, 1994) (Francis, M.J.) ("Arkwright was thus deprived of the thirty day period during which it was entitled to respond prior to the discovery deadline.  Under such circumstances, the discovery request may be disallowed as untimely.").  Accordingly, plaintiff's Post-Document Demands, which were served five days before the discovery deadline, are untimely in the absence of an extension of the discovery deadline.

[3]On April 28, 2016, plaintiff also filed an "Affirmation in Support" of her April 7 motion (D.I. 59).  However, upon review, this "Affirmation in Support" is identical to the "Affirmation in Support" that is annexed to her April 7 motion (Affidavit of Eleanor Vale in Support of Plaintiff's Motion to Compel, dated Apr. 4, 2016 (D.I. 52) ("Vale Aff.")).

[4]Several District Judges in this Circuit have concluded that a motion for reconsideration of a Magistrate Judge's ruling on a non-dispositive matter is not permitted by Rule 60 the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. See, e.g., NG v. HSBC Mortg. Corp., 262 F.R.D. 135, 135 (E.D.N.Y. 2009); Koehler v. Bank of Bermuda Ltd., No. M18-302, 2003 WL 466206 at *1 (S.D.N.Y. Feb. 21, 2003) (Haight, D.J.).

plaintiff's February 11 application that I have overlooked, nor does she cite any other factors that would otherwise make reconsideration appropriate. Instead, plaintiff relies on evidence and arguments that could have been, but were not, raised in her initial application. Specifically, plaintiff's motions cite six excerpts from Hrvatin's deposition to demonstrate that Hrvatin was unprepared and that new deposition witnesses are, therefore, necessary. Plaintiff's motions also raise the untimely Post-Deposition Demands for the first time, despite the fact plaintiff served the Post-Deposition Demands prior to filing her February 11 application. Because plaintiff could have raised both of these issues in her February 11, 2016 application, she cannot now rely on them as the basis for her motion for reconsideration. Quinn v. Altria Grp., Inc., supra, 2008 WL 3518462 at *1 ("A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, <u>that new evidence has become available</u>, or that there is a need to correct a clear error or prevent manifest injustice." (emphasis added)).

       Moreover, even if I were to consider this "new" evidence, plaintiff's motions warrant denial because plaintiff has not shown that good cause exists to extend discovery. Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a]

schedule may be modified only for good cause and with the judge's consent."  Fed.R.Civ.P. 16(b)(4).  To satisfy the good cause standard "the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met."  Sokol Holdings, Inc. v. BMD Munai, Inc., 05 Civ. 3749 (KMW)(DF), 2009 WL 2524611 at *7 (S.D.N.Y. Aug. 14, 2009) (Freeman, M.J.), citing Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (McMahon, D.J.); accord Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) ("'[G]ood cause' depends on the diligence of the moving party."); Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (Engelmeyer, D.J.) ("To show good cause, a movant must demonstrate that it has been diligent, meaning that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." (citations omitted)).  After reviewing the parties' submissions, I conclude that plaintiff has failed to show good cause because both the late-filing of the Post-Deposition Demands as well as the failure to question Hrvatin concerning all topics listed in plaintiff's original 30(b)(6) notice were the result of plaintiff's counsel's lack of preparation and unjustified delay in conducting discovery.

With respect to Hrvatin's deposition, as I noted in my February 18 Order, my review of the deposition transcript "left [me] with the firm conclusion that it was counsel who did not prepare for the deposition and that counsel's claim that the witness was not prepared is baseless" (February 18 Order). The deposition excerpts plaintiff's counsel cites, for the first time, in her March 1 motion do not alter this conclusion.

In the first three excerpts upon which plaintiff relies, Hrvatin testifies that she was not personally involved with (1) "equal opportunity employment," (2) creating defendant's policy regarding "emergency medical treatment" or (3) training new employees (Pl. First Motion, at 2). Personal involvement is not the touchstone by which the adequacy of a 30(b)(6) witness is assessed. Rather, in the absence of objections, an entity receiving a 30(b)(6) notice is obligated to prepare a witness or witnesses with the knowledge of the entity concerning the enumerated subjects. See generally Ameri v. Geico Gen. Ins. Co., CIV 14-0966 JB/SCY, 2015 WL 4461212 at *14 (D.N.M. July 13, 2015); Travelers Property Cas. Co. v. Daimler Trucks N. Am., LLC, 14 Civ. 1889 (JPO)(JLC), 2015 WL 1728682 at *4 (S.D.N.Y. Apr. 14, 2015) (Cott, M.J.). So long as the 30(b)(6) designee is prepared with the knowledge of the entity, the witness's personal involvement (or the lack thereof) is immaterial.

Plaintiff next cites two instances in which Hrvatin stated that she "d[id]n't know" the answer to (1) whether there was a "set amount of nursing staff assigned to the number of consumers (meaning patients) as regulated by [New York State's Office for People With Developmental Disabilities]" ("OPWDD") and (2) who decides how many direct care counselors are assigned to each facility (Pl. First Motion, Ex. 1, at 56, 59-60).  These two excerpts also fail to support plaintiff's argument that Hrvatin was unprepared for the deposition.  First, plaintiff fails to explain why the answers to these questions are relevant to any claims or defenses or how these questions relate to the topics listed in the 30(b)(6) notice.  Further, a full review of the transcript shows that Hrvatin did provide answers to plaintiff's counsel's questions after further clarification was provided.  With respect to the number of "nursing staff assigned to the number of consumers as regulated by the OPWDD", while Hrvatin did not know "the specifics with regard to . . . the number of consumers to nurses," Hrvatin did answer that OPWDD standards required that "[a] nurse must be assigned to the facility" (Pl. First Motion, Ex. 1, 57:8-14).  With respect to who decides how many consumers each direct care counselor is responsible for, Hrvatin answered that it "would be decided on different levels"

14

and "would depend on whether it was a medical need" or a different type of need (Pl. First Motion, Ex. 1, 61:9-62:17).

The final deposition excerpt upon which plaintiff relies simply identifies Claudette Golding, Hrvatin's subordinate, as an employee who personally visited the facility where plaintiff worked (Pl. First Motion, at 2). Plaintiff offers no explanation as to why Hrvatin's identification of Golding demonstrates that Hrvatin was unprepared for the deposition.

In sum, the deposition excerpts plaintiff cites do not support plaintiff's assertion that Hrvatin was unprepared or that additional depositions are necessary.

With respect to the Post-Deposition Demands, plaintiff's argument appears to be that good cause exists because (1) plaintiff only became aware of the existence of the documents that are the subject of these demands after deposing Hrvatin and (2) defendant delayed the scheduling of Hrvatin's deposition until the end of the discovery period (Vale Aff., ¶¶ 6-13). Plaintiff's counsel also argues that these motions "ha[ve] been compelled by defendant's on-going refusal to provide material information" (Vale, Aff. ¶ 15). These arguments are not persuasive.

As an initial matter, plaintiff's counsel's statement that there has been an "ongoing refusal" by defendant to produce

15

documents is not persuasive for the simple reason that plaintiff has failed to cite any prior discovery request that sought the documents requested in the Post-Deposition Demands.[5]  Additionally, with respect to plaintiff's request for documents concerning diversity hiring and defendant's compliance with EEOC requirements, plaintiff's counsel does not explain why these documents could not have been requested prior to Hrvatin's deposition.

More importantly, plaintiff's counsel's representation that defendant is responsible for the timing of Hrvatin's deposition is belied by the record.  Plaintiff's counsel did not serve plaintiff's 30(b)(6) notice on defendant until sometime in October 2015, at which point the fact discovery deadline was December 15, 2015 (Pl. First Motion, at 4; Memo Endorsement, dated Oct. 5, 2015 (D.I. 34); see also Vale Aff., Ex. 3).  Additionally, defendant has submitted e-mail correspondence between defense counsel and plaintiff's counsel from early December of 2015 in which defense counsel stated that "we need to discuss dates for the 30b6 deposition" and suggested that the deposition occur in "early January" (Def. Opp., Ex. A).  In

---

[5]The document requests and responses that plaintiff does cite in support of her contention that defendant has refused to produce documents concern entirely different documents than those sought in the Post-Deposition Demands (Vale Aff., Ex. 2; Pl. First Motion, Ex. Parts 1 & 2).

16

response, plaintiff's counsel stated, "I have a holiday from January 13 through January 30, 2016.  It's a long trip to the Far East.  So I thought it best not to crowd" (Def. Opp., Ex. B). The fact that plaintiff's counsel waited until October 2015 to serve plaintiff's 30(b)(6) notice and decided to further delay the deposition so as to avoid "crowd[ing]" her vacation contradicts her assertion that defendant is responsible for the late timing of Hrvatin's deposition.  Indeed, it demonstrates that plaintiff's counsel, not defendant, caused Hrvatin's deposition to occur less than a week before the discovery deadline.[6]

This action was filed on May 29, 2014, the initial scheduling order was issued on September 15, 2014 and discovery has already been extended six times.  Plaintiff and her counsel

---

[6]Additionally, with respect to the two manuals plaintiff seeks, plaintiff has also failed to demonstrate how these manuals are relevant to any claims or defenses in this action.  While plaintiff's counsel states that "[p]laintiff needs to receive documents that deal with [defendant's policies and] procedures" (Vale Aff., ¶ 5), she does not explain why the "PSCH Employment Policy Manual" and the "Policy and Procedure Manual" discussed in the March 1 motion are going to bear on the issue of discrimination.  The central issue in this case is not whether plaintiff or defendant complied with defendant's manuals, but whether defendant engaged in illegal discrimination.  Further, defendant's counsel represents that the relevant sections of those manuals -- defendant's Equal Employment Opportunity policy, which is contained in the "PSCH Employment Policy Manual," and defendant's Emergency Medical Treatment policy, which is contained in the "Policy and Procedures Manual" -- already have been produced to plaintiff (Letter from Lori D. Bauer to Judge Torres, dated Mar. 4, 2015 (D.I. 46) ("Def. Opp."), at 4).

had ample opportunity to conduct written discovery and depose witnesses during that time; that plaintiff and her counsel failed to do so does not constitute good cause to extend the discovery deadline yet again. Parker v. Columbia Pictures Indus., supra, 204 at 340 ("'[G]ood cause' depends on the diligence of the moving party.").

IV. Conclusion

Because there is no reason to revisit my February 18 Order denying plaintiff's application to extend discovery, plaintiff's motions to compel (D.I. 42; D.I. 51) are denied.[7]

Dated: New York, New York
       June 3, 2016

SO ORDERED

*/s/ Henry Pitman*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

---

[7] In the March 1 motion, plaintiff's counsel also "ask[s] the Court to consider sanctions" against defendant for refusing to comply with plaintiff's Post-Deposition Demands (Pl. First Motion, at 4). To the extent plaintiff seeks sanctions, that motion is also denied.

18